In the Matter of the Accounting of LESLIE B. YOUNG et al., as Executors of WILLIAM H. BELLINGER, Deceased.

Surrogate's Court, New York County, March 17, 1950.

*Townsend L. Cannon* for executors, petitioners.

*Le Roy Vogel* for Florence Brown, respondent.

*Holtzmann, Wise, Shepard & Kelly* for John B. Bellinger, 2d, respondent.

*Edmund B. Bellinger* for Katherine M. Bellinger, respondent.

*Debevoise, Plimpton & McLean* for Association for Aid of Crippled Children, respondent.

*George H. Combs,* special guardian for Elizabeth Cannon and others, infants, respondents.

*Stewart & Shearer* for New York Society for Relief of the Ruptured and Crippled, respondent.

COLLINS, S.   In this executors' accounting a construction is sought of the investment provisions under paragraph seventh of the will which authorize the investment " up to thirty five per cent (35%) in common stocks of companies with a financial rating by Moody's and Poor's Financial Services of ' A ' or better; up to one hundred per cent (100%) in bonds of corporations with a financial rating of the above Services of ' A ' or better, and up to seventy five per cent (75%) in preferred stocks of such corporations."

Testator died July 10, 1948. His will was dated July 30, 1947. Moody's and Poor's discontinued rating common and preferred stocks in 1935 and 1945 respectively but continued to rate bonds. Petitioners urge that testator was ignorant of this fact and that the conditions imposed by him are impossible of performance. They and one of the life beneficiaries argue that he clearly intended to allow investment in common and preferred stocks with a rating of " A " or better; that the only comparable rating service now in existence is " Fitch's Stock Record " which, as a matter of fact, has a higher standard than the others and that the substitution of the phrase " Fitch's Stock Record " in place of Moody's and Poor's Financial Services should be made to carry out testator's intent. Certain charitable remaindermen and the special guardian on behalf of infant remaindermen contend that the investment powers should be limited to those granted by the will which are capable of being exercised and that they are sufficiently broad to allow for diversification without concurrent risk. In *Matter of Wolfsheim* (72 N. Y. S. 2d 502) Surrogate DELEHANTY had a similar situation before him. He wrote (p. 504): " The court cannot say that the directions of deceased are impossible of fulfillment. Deceased did not say to his fiduciaries that they *must* buy preferred stocks. If he knew that Moody had ceased to rate preferred stocks, he may well have assumed that it might do so again during the lives of the trusts. It may well be supposed that he expected that his trusts would be managed over a period of many years and so when he referred to stocks ' which are currently listed ' in Moody's he had in mind that if and when a purchase of preferred stocks was considered by his fiduciaries they would look at the Moody Service and find out whether an appropriate rating thereof was then to be found therein. He did not say in respect of preferred stocks that any other rating would do. Deceased cautioned his fiduciaries to preserve principal and to make income a secondary consideration (see subdivision (d) of paragraph eighteenth). His quoted text makes a definite distinction between the Moody Service and a substitute service. As to ' high-grade bonds ' either the Moody Service or one of ' equal standing ' could be used; not so as to preferred stocks. The court must necessarily say that deceased's own text limits the powers of the fiduciaries in respect of the purchase of preferred stocks to such stocks as have the required rating in Moody's Investment Service at the time of purchase. That is what deceased said on the subject and the court can say nothing to the contrary. When and if

preferred stocks are again rated by Moody's they will be available to the fiduciaries for consideration; otherwise not.''

The court is in accord with this reasoning and holds that no other service or record may be substituted for the one proposed by testator himself. The other provisions of paragraph seventh of the will appear to be ample to allow for diversified investments.

Objections to the account having been filed, a hearing on such objections will be had before me on the 1st day of May, 1950, at 2:30 p.m. After disposition thereof a decree may be entered settling the account and construing the will in accordance with this decision.